# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Darlene Carlson,<br><br>          Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc. and Nicole Doe,<br><br>          Defendants. | Civil No. _____<br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Darlene Carlson is a natural person who resides in the City of Brainerd, County of Crow Wing, State of Minnesota, and is a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3) or a person with standing in this action under 15 U.S.C. §1692k(a).

5. Defendant NCO Financial Systems, Inc (hereinafter "Defendant NCO") is a collection agency operating from an address of 507 Prudential Road, Horsham, PA 19044 with a Minnesota registered agent of process of CT Corporation System, Inc., 100 S 5th Street #1075, Minneapolis, MN, 55402, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Nicole Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant NCO as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Upon information and belief, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a student loan debt with SallieMae, in the approximate amount of $14,584.75, which was used by Plaintiff for personal, family and household purposes.

8. Upon information and, Plaintiff has never had a loan with SallieMae, nor is she an obligor on a loan through SallieMae or any loan that SallieMae is or was servicing.

9. Plaintiff is a 70-year-old working grandmother who has never enrolled in any higher education programs beyond public high school, which she graduated in 1957.

10. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *November 2, 2010 First Collection Letter*

11. On or about November 2, 2010, Defendant NCO, contacted Plaintiff by dunning letter, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12. Among other things, Defendant NCO's letter stated that, if Plaintiff notified Defendant NCO in writing within 30 days of receiving the letter, Defendant NCO would obtain verification of the debt or obtain a copy of a judgment and mail Plaintiff a copy of such verification or judgment.

### *November 29, 2010 Plaintiff's Disputation Letter*

13. On or about November 29, 2010, Plaintiff mailed a written letter to Defendants.

14. Among other things, Plaintiff stated that she disputed that she owed any debt. *See* Exhibit A.

15. Plaintiff also requested validation of the disputed alleged debt. *See* Exhibit A.

16. Plaintiff has never received any validation of the debt Defendants were collecting.

### *December 7, 2010 Second Collection Letter*

17. On or about December 7, 2010, Defendant NCO, again contacted Plaintiff by dunning letter, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. This letter was sent to Plaintiff despite her request that Defendant NCO validate the debt they were collecting.

19. Defendant NCO's letter offered a settlement on the debt but made no mention of the validation requested by Plaintiff.

20. This letter from Defendant NCO to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1), and 1692g(b), amongst others.

### *Series of Illegal Collection Calls*

21. On or about December 18, 2010, Defendant NCO, began contacting Plaintiff by telephone in an effort to collect this debt, each of which were a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. Over the following days and weeks, Plaintiff received several calls from Defendant NCO on her answering machine.

23. These calls were placed by Defendant NCO despite their failure to provide validation of the debt.

24. In several of these collection communications, Defendant NCO's collectors failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that he was a debt collector or that they were attempting to collect a debt.

25. In at least one of these calls Defendant Doe failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that she was a debt collector or that she was attempting to collect a debt.

26. Some of these calls referred to a "reference ID of 6430221."

27. These calls from Defendant NCO and its collectors to Plaintiff were collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g(b), amongst others.

### *December 21, 2010 Plaintiff's Follow-Up Letter*

28. On or about December 21, 2010, Plaintiff, extremely upset and frustrated with the continued collection efforts on a debt she does not believe she owes, again mailed a written letter to Defendants.

29. Among other thing, Plaintiff stated that she disputed the debt and requested for validation of the disputed debt.  *See* Exhibit B.

### *Continuation of Illegal Collection Calls*

30. On or about January 4, 2010, one of Defendant NCO's collectors, again contacting Plaintiff by telephone in an effort to collect this debt, each of which were a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

31. This call was again placed by Defendant NCO's collector despite the failure to provide validation of the debt.

32. Defendant NCO's collector failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that he was a debt collector or that they were attempting to collect a debt.

33. This call also referred to a "reference ID of 6430221."

34. These calls from Defendant NCO and its collector to Plaintiff were collection communications in violation of numerous and multiple provisions of the

FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g(b), amongst others.

### *Summary*

35. All of the above-described collection communications made to Plaintiff by Defendant Doe, and other collection employees employed by Defendant NCO, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g(b), amongst others.

36. During their collection communications, Defendants and these individual debt collectors employed by Defendant NCO repeatedly failed to provide Plaintiffs with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g(b), amongst others.

37. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

### *Respondeat Superior Liability*

38. The acts and omissions of Defendant Doe, and the other debt collectors employed as agents by Defendant NCO who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant NCO.

39. The acts and omissions by Defendant Doe and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant NCO in collecting consumer debts.

40. By committing these acts and omissions against Plaintiffs, Defendant Doe and these other debt collectors were motivated to benefit their principal, Defendant NCO.

41. Defendant NCO is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

### **TRIAL BY JURY**

42. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

45. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

# COUNT I.

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

# 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

Dated: February 18, 2011                    Respectfully submitted,

**WHEATON LAW GROUP, PLLC**

By: **s/Christopher S. Wheaton**
Christopher S. Wheaton, Esq.
Attorney I.D.#0389272
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-2700
Telephone: (612) 379-3191
Facsimile: (612) 605-2102
cswheaton@wheatonlawgroup.com

csw                                         **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
                   ) ss
COUNTY OF Crow Wing )

Plaintiff DARLENE CARLSON, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
DARLENE CARLSON

Subscribed and sworn to before me
this 17 day of February 2011.

_____
Notary Public

SANDRA L. AYDT
NOTARY PUBLIC
STATE OF MINNESOTA
My Commission Expires Jan. 31, 2015